```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF MONTANA

                           HELENA DIVISION

                              *******

UNITED STATES OF AMERICA,                      CR 05-07-H-CCL

          Plaintiff,

-v-                                            ORDER

TRACEY ELDON LEWIS,
DANIEL LEE OSBORN,
DEWAYNE HOWARD, and
RUSSELL ALLEN WILSON,

          Defendants.

                              *******
```

This matter came on regularly for hearing on March 16, 2006, on a petition filed by a third party alleging an interest in property subject to forfeiture in the above-captioned criminal matter. The government was represented by Assistant United States Attorney Joseph E. Thaggard. Appearance for the Petitioner Shelley R. Osborn was made by F. Ron Newbury. Having reviewed the record in the above-captioned criminal matter, considered the petition, received evidence thereon, and heard

oral argument, the court makes the following findings of fact and conclusions of law.

I

The court has considered the relevant portions of the criminal record, including the Indictment filed on May 9, 2005, which charges in Count IV that the property located at 2901 Baxendale Road, Helena, was maintained for the purpose of facilitating a drug offense, in violation of 21 U.S.C. § 856(a)(2), and that the property is subject to forfeiture pursuant to 21 U.S.C. § 853.  The court has also taken into consideration Defendant Daniel Lee Osborn's Plea Agreement with the government, in which Defendant Daniel Osborn (1) acknowledges that the property was used to facilitate a drug offense, (2) agrees to abandon all right, title, and interest in the property located at 2901 Baxendale Road, Helena, Montana, and (3) consents to the entry of an Order of Forfeiture transferring said interest to the United States.

With these facts in mind, the court makes the following additional findings of fact:

1.  The property (hereinafter referred to as the "2901 Baxendale Rd. property") is listed in the Indictment as follows:

> All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, located at 2901 Baxendale Road, Helena, Montana, being further described as:

> A tract of land known as Tract "6-A" situated in the Southeast Quarter (SE1/4) of Section 25, Township 10 North, Range 5 West, M.P.M., Lewis and Clark County, State of Montana, said tract being a portion of Lot 6 of the Isaak Tracts on file in the Office of the Clerk and Recorded of Lewis and Clark County, Helena, under Doc. No. 489564-O.

2.  Defendant Daniel Osborn acknowledges that the above-described property was used for the purpose of unlawfully storing, distributing, or using controlled substances, including, but not limited to, methamphetamine, a Schedule II, controlled substance.  *See* Daniel Osborn Plea Agreement, ¶ 6(5) (fourth paragraph).

3.  Shelley R. Osborn is married to Defendant Daniel Lee Osborn.

4.  On April 13, 2004, Thomas E. Grant, Shelley Osborn's father, purported to acquire the title to the property by Quit

Claim Deed from Co-Defendant Russell A. Wilson.

    5. The dates of the charged drug conspiracy are July 2004 until on or about April 20, 2005.

    6. All four co-defendants acknowledged in their Plea Agreements that the dates of the conspiracy stated in the Indictment were correct.

    7. Defendants Daniel Osborn, Russell Wilson, and Tim Howard all acknowledged in their Plea Agreements that between July 2004 until on or about April 20, 2005, they

> managed or controlled the premises located at 2901 Baxendale Road, Helena, Montana, either as owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally made said premises available for use for the purpose of unlawfully storing, distributing, or using controlled substances, including, but not limited to, methamphetamine, a Schedule II, controlled substance, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2.

Count IV, Indictment; *see* Daniel Osborn, Timothy Howard, and Russell A. Wilson's Plea Agreements, ¶ 6(5) (fourth paragraph).

    8. In the midst of this drug conspiracy and this use of the 2901 Baxendale premises for the drug offense charged in Count IV of the Indictment, on February 1, 2005, Shelley R. Osborn and

Daniel L. Osborn, husband and wife, as joint tenants (not tenants in common), purported to acquire the title to the property by Quit Claim Deed from Shelley's father, Thomas E. Grant.

    9.    Three months later, on May 9, 2005, the government indicted Daniel Lee Osborn, charging him (and his three co-defendants) with a drug conspiracy and use of the premises at 2901 Baxendale Road, Helena, for the purpose of facilitating the drug offense.

    10.    About six weeks later, on June 22, 2005, Daniel Osborn entered into a Plea Agreement with the government abandoning all of his right, title, and interest in the property at 2901 Baxendale Road, Helena, and consenting to the entry of an Order of Forfeiture transferring that interest to the United States.

    11.    Approximately one month later, on July 25, 2005, Shelley Osborn purported to acquire sole ownership of the property by Quit Claim Deed from Shelley R. Osborn and Daniel L. Osborn to Shelley R. Osborn.

    12.    Shelley Osborn attended Defendant Daniel Lee Osborn's change of plea hearing on August 19, 2005. At the conclusion of that hearing, Mr. Haddon, defense counsel for Daniel Osborn,

requested that the Court permit Defendant Osborn to say goodbye to his wife in the courtroom (a request that was granted by the Court with the assistance of the U.S. Marshals Service).  The Court observed Shelley Osborn in the courtroom on August 19, 2005.

     13.   At the conclusion of that hearing on August 19, following the Court's granting of this extra consideration to Defendant Osborn, a clearly irate co-defendant, Tracey Eldon Lewis, asserted that Mrs. Osborn was just as guilty as the four co-defendants and that she ought to be in front of the Court (tendering a guilty plea) like they were.

     14.   Shelley Osborn received actual notice of the proposed forfeiture of the property at 2901 Baxendale Road during the change of plea hearing on August 19, 2005.  The Court outlined the charges, including the Count IV charge of maintaining a premises for a drug offense, and including the forfeiture of the 2901 Baxendale Road property.  At that hearing, in the presence of Mrs. Osborn, all four co-defendants acknowledged that their respective Plea Agreements called upon each of them to forfeit any and all interest they had in the 2901 Baxendale Road property

to the government.

15.    On September 26 and 27, 2005, the U.S. Marshals Service attempted to personally serve a copy of the Preliminary Order of Forfeiture and a Notice Condemning, Forfeiting the property on Shelley R. Osborn, at 2901 Baxendale Road, Helena, Montana.  On each day, there was no answer at the address.  *See* Process Receipt and Return of U.S. Marshals Service, Docket #41.

16.    On September 28, 2005, the U.S. Marshals Service, DUSM Charles J. Pesta, personally served the Preliminary Order of Forfeiture, Notice Condemning, Forfeiting, and a letter from AUSA Hubley to Shelley R. Osborn dated August 24, 2005, upon Mrs. Osborn's attorney F. Ron Newbury.  *See* Process Receipt and Return of U.S. Marshals Service, Docket #41.  At the hearing on the matter on March 16, 2006, attorney Newbury acknowledged having received service on that date.

17.    On October 25, 2005, the U.S. Marshals Service, DUSM Charles J. Pesta, posted the property located at 2901 Baxendale Road, Helena, Montana, with the Preliminary Order of Forfeiture. *See* Process Receipt and Return of U.S. Marshals Service, Docket #42.

18.   Shelley Osborn waited until December 8, 2005, well after her husband was sentenced on November 22, 2005, to file her Petition objecting to forfeiture of the property.

19.   Shelley Osborn has offered no reasonable justification for failing to timely file her petition, either within thirty days of actual notice on August 19, 2005, or within thirty days of receiving direct written notice of forfeiture from the government on September 28, 2005.

20.   It appears to the Court more likely than not that the Defendant Daniel Osborn and Petitioner Shelley R. Osborn entered into an agreement to defraud the United States of the benefit of its bargain with Defendant Osborn, *i.e.*, they agreed to deprive the United States of Defendant Osborn's interest in the property that he had agreed to forfeit in his Plea Agreement.

21.   It appears to the Court more likely than not that Petitioner Osborn delayed filing her objection to forfeiture until after Defendant Osborn was sentenced in order to take advantage of the benefits of the Plea Agreement while at the same time attempting to evade the Plea Agreement's forfeiture provision.

22. At the forfeiture hearing on March 16, 2006, Detective Craig Campbell testified credibly that a 2005 search of the house yielded six plastic bags with trace amounts of marijuana and a marijuana pipe, all sitting out in the open in the living room of the residence located at 2901 Baxendale Rd., Helena, Montana. This residence was at that time the primary residence of Petitioner Shelley R. Osborn and her children. Detective Campbell also testified that methamphetamine "pays and owes" sheets, methamphetamine pipes, and a small amount of methamphetamine were also found in an outbuilding on the property located approximately 20 yards from the front-door of the residence.

23. Also on March 16, 2006, the government presented the credible testimony of Patty Dixon, who testified that Petitioner Shelley R. Osborn was present during her husband Daniel's distribution of methamphetamine. Ms. Dixon testified that beginning in 2004, she (Ms. Dixon) sold methamphetamine for Defendant Daniel Osborn. Ms. Dixon testified that, following the search of the premises at 2901 Baxendale Road in 2005, Shelley Osborn telephoned Ms. Dixon and told Ms. Dixon that law

enforcement had missed some of the drugs on the property, which drugs were located in one of the outbuildings on the property. Ms. Dixon further testified that Shelley Osborn then sold to her the methamphetamine inadvertently missed by law enforcement. Based on the demeanor of the witness and the corroborative testimony of Detective Craig Campbell, the Court finds the testimony of Ms. Dixon to be truthful and accurate.  At the conclusion of the hearing, the Court inquired of the government's attorney whether Petitioner Osborn would be charged with a drug offense, and the government's attorney responded that the government was considering indicting Ms. Osborn.

24.   Based on the credible testimony of both Detective Campbell and Ms. Dixon, the Court finds that Petitioner Shelley R. Osborn was familiar with her husband's drug dealing and in fact knew that the property at 2901 Baxendale Road, Helena, Montana, was being used to facilitate the commission of a drug offense.

25.   The Court finds further that on July 25, 2005, and prior thereto, Petitioner Shelley R. Osborn had reasonable cause to believe that the property at 2901 Baxendale Road, Helena,

Montana, was subject to forfeiture under federal law.

**II**

The court makes the following conclusions of law:

1.   Any person asserting a legal interest in property which has been ordered forfeited to the United States pursuant to 21 U.S.C. § 853 may, within thirty days of the final publication of notice or his receipt of direct written notice by the Government, *whichever is earlier*, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. *See* 21 U.S.C. § 853(n)(2).

2.   The thirty-day requirement contained in 21 U.S.C. § 853(n) is not jurisdictional, and may be waived for excusable neglect.  *See United States v. Puig*, 459 F.3d 700 (8th Cir. 2005); *United States v. Estevez*, 845 F.2d 1409 (7th Cir. 1988).

3.   By even the most lenient calculation, the Petition was not timely filed

--    within 30 days after actual notice (which was given at the August 19, 2005, hearing, and was also given when the property was posted by the U.S. Marshals Service on October 25, 2005), or

--    within 30 days after direct written notice served on

Mrs. Osborn's attorney on September 28, 2005, and Petitioner has offered no explanation that would support a finding of excusable neglect.

4.  The Petition was not timely filed.

5.  The government's interest in the 2901 Baxendale Road property vested upon commission of the crime in July 2004. *See United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005). The government's vested interest attached to the property upon Defendant Daniel Osborn's conviction on August 19, 2005. *See id.* (citing *United States v. Totaro*, 345 F.3d 989, 993 (8th Cir. 2003)).

6.  Ownership interests are to be determined by state law, but federal forfeiture law governs a determination of which property interests are properly forfeited to the United States. *See United States v. Nava*, 404 F.3d 1119, 1127 (9th Cir. 2005).

7.  The disposition of the Petitioner's claim is governed by 21 U.S.C. § 853(n)(6).

8.  A third party seeking to contest a preliminary order of forfeiture must show by a preponderance of the evidence either that he or she has a superior legal claim to that of defendant as

of the time of defendant's crime or that he or she is a bona fide purchaser for value who at the time of the purchase was reasonably without cause to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(A)-(B).

9. Under the Montana Uniform Fraudulent Transfer Act, Montana Code Annotated 31-2-333(1)(a) (2005), a transfer is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor.

10. In determining actual intent, the Court considers whether (a) the transfer was to an insider, (b) the debtor retained possession or control of the property after the transfer; (c) the transfer was concealed; (d) the debtor had already been sued in the form of the criminal indictment; (e) the transfer consisted of substantially all of the debtor's assets. *See* Mont. Code Ann. § 31-2-333(2)(a)-(d) (2005).

11. On July 25, 2005, Daniel L. Osborn, knowing that he had promised to forfeit his interest in a certain piece of property to the government, attempted to transfer his interest to an insider, his wife, Shelley R. Osborn.

12.    Under Montana law, the July 25, 2005, Quit Claim Deed between Shelley R. Osborn and Daniel L. Osborn, grantors, and Shelley R. Osborn, grantee, is a fraudulent transfer intended to defraud the government of Daniel Osborn's interest in the property at issue.

13.    The July 25, 2005, Quit Claim Deed by which Shelley R. Osborn acquired the 2901 Baxendale Rd. property is void as against the government.  *See* Mont. Code Ann. §31-2-339(a) (2005).

14.    Under Montana law, a joint interest in real property is an equal interest, and neither joint owner's interest is superior to the other joint owner's interest.  Mont. Code Ann. § 70-1-307; *see also Rausch v. Hogan*, 28 P.3d 460, 465 (Mont. 2001).

15.    Petitioner Shelley Osborn has failed to prove by a preponderance of the evidence that she has a "vested legal right, title, or interest" in the Defendant's forfeitable property that is "*superior* to defendant's vested interest as of the time of the commission of the crime."  21 U.S.C. § 853(n)(6)(A) (emphasis added).

16.    Because the Court has found that Mrs. Osborn was aware

that the 2901 Baxendale Rd. property was being used to facilitate a drug offense, Mrs. Osborn is not a bona fide purchaser for value who was reasonably without cause to believe that the property was subject to forfeiture.  21 U.S.C. § 853(n)(6)(B).

Accordingly,

IT IS HEREBY ORDERED that the Petition of Mrs. Osborn to establish legal and equitable interest in forfeited property is DENIED as being untimely and without merit.

The Clerk is directed forthwith to notify counsel for the government and the Petitioner of entry of this order.

Done and dated this 11th day of April, 2006.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE