IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TRACY ALDON LEWIS,<br>DANIEL LEE OSBORN,<br>TIMOTHY DEWAYNE HOWARD, and<br>RUSSELL ALLEN WILSON,<br><br>　　　　Defendants. | CR 05-07-H-CCL<br><br><br><br>**FINAL ORDER OF FORFEITURE** |
|---|---|

　　WHEREAS, in the indictment in the above case, the United States sought forfeiture of any property of the above-captioned persons, real or personal, pursuant to 21 U.S.C. § 853 as property used or intended to be used to facilitate said violations;

　　AND WHEREAS, on June 22, 2005, the defendant, DANIEL LEE OSBORN, entered into a plea agreement wherein he agreed to a plea of guilty to the indictment on

file herein.  Moreover, pursuant to the plea agreement, the defendant agreed to abandon all right, title, and interest in the property described in the indictment and stipulated to the entry of an Order of Forfeiture transferring the property to the United States.  Specifically, the defendant, DANIEL LEE OSBORN, agreed to abandon all right, title, and interest in the property located at 2901 Baxendale Road, Helena, Montana, and consented to the entry of an Order of Forfeiture transferring said interest to the United States.

AND WHEREAS, on June 23, 2005, the defendant, TIMOTHY DEWAYNE HOWARD, entered into a plea agreement wherein he agreed to a plea of guilty to the indictment on file herein.  Moreover, pursuant to the plea agreement, the defendant agreed to abandon all right, title, and interest in the property described in the indictment and stipulated to the entry of an Order of Forfeiture transferring the property to the United States.  Specifically, the defendant, TIMOTHY DEWAYNE HOWARD, agreed to abandon all right, title, and interest in the property located at 2901 Baxendale Road, Helena, Montana, and consented to the entry of an Order of Forfeiture transferring said interest to the United States.

AND WHEREAS, on June 25, 2005, the defendant, RUSSELL ALLEN WILSON, entered into a plea agreement wherein he agreed to a plea of guilty to the indictment on file herein.  Moreover, pursuant to the plea agreement, the defendant agreed to abandon all right, title, and interest in the property described in the indictment and stipulated to the entry of an Order of Forfeiture transferring the property to the United States.  Specifically, the defendant, RUSSELL ALLEN WILSON, agreed to abandon all right, title, and interest in the property located at 2901 Baxendale Road, Helena,

Montana, and consented to the entry of an Order of Forfeiture transferring said interest to the United States.

AND WHEREAS, on August 10, 2005, the defendant, TRACY ALDON LEWIS, entered into a plea agreement wherein he agreed to a plea of guilty to the indictment on file herein.  Moreover, pursuant to the plea agreement, the defendant agreed to abandon all right, title, and interest in the property described in the indictment and stipulated to the entry of an Order of Forfeiture transferring the property to the United States.  Specifically, the defendant, TRACY ALDON LEWIS, agreed to abandon all right, title, and interest in the property located at 2901 Baxendale Road, Helena, Montana, and consented to the entry of an Order of Forfeiture transferring said interest to the United States.

AND WHEREAS, a Preliminary Order of Forfeiture was issued by this Court on August 19, 2005.  Pursuant to that Preliminary Order of Forfeiture, the United States Marshal's Service was authorized and ordered to seize the below-described real estate, and it was ordered forfeited to the United States for disposition in accordance with law.

AND WHEREAS, pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal was ordered to publish at least once for three successive weeks in a newspaper of general circulation notice of the Preliminary Order of Forfeiture, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person other than the Defendant having or claiming a legal interest in the property had to file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever was earlier.  Pursuant to the Preliminary Order of Forfeiture, this notice was required to state that the petition

shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, that the petition had to be signed by the petitioner under penalty of perjury, and that the petition should set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The real estate in question is described below:

All items of real estate used to store or facilitate the delivery of methamphetamine, including but not limited to any ownership interest on the part of the defendants in the following property:

All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments and easements, located at 2901 Baxendale Road, Helena, Montana, being further described as:

> A tract of land known as Tract "6-A" situated in the Southeast Quarter (SE1/4) of Section 25, Township 10 North, Range 5 West, M.P.M., Lewis and Clark County, State of Montana, said tract being a portion of Lot 6 of the Isaak Tracts on file in the Office of the Clerk and Recorder of Lewis and Clark County, Helena, Montana, under Doc. No. 489564-O.

AND WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said property, pursuant to 18 U.S.C. § 924, 18 U.S.C. § 922(g), 18 U.S.C. § 924(d)(1), 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 21 U.S.C. § 853, and Rule 32(b)(2) of the Federal Rules of Criminal Procedure.

AND WHEREAS, on September 28, 2005, Shelley R. Osborn was served with notice to file a petition regarding any claim it may have within 30 days through her attorney, Ron Newbury, 314 North Last Chance Gulch #307, Helena, Montana.

AND WHEREAS, Shelley R. Osborn has failed to file a timely petition as instructed alleging any legal interest in the property.

AND WHEREAS, on October 26, 2005; November 2, 2005; and November 9, 2005, the United States published in a newspaper of general circulation notice of this forfeiture and of the intent of the United States to dispose of the property in accordance with the law and further notifying all third parties of their right to petition the Court within 30 days for a hearing to adjudicate the validity of their alleged legal interest in the property.

AND WHEREAS, the Court has been advised that no other claims or petitions have been filed.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the United States Marshal shall forthwith seize all of the forfeited property and dispose of it in accordance with the law.  As to the real property referred to and more particularly described above, the United States is authorized to sell said real property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the right, title, and interest to all of the above-described real property is hereby condemned, forfeited, and vested in the United States of America for disposition according to law.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a copy of this Order shall be recorded forthwith by the United States Marshal or his duly authorized designee in every county in which any of the above-described real property is located, and when recorded, shall be notice to any potential transferee of the right, title, and interest of the United States of America therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Final Order of Forfeiture be immediately filed with the Clerk and Recorder for Lewis and Clark County so as to provide notice to the public that this parcel of real estate has been forfeited to the United States.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any and all forfeited funds, or funds derived from the forfeited property, including but not limited to currency, currency equivalents, and certificates of deposit, as well as any income derived as a result of the United States Marshal's management of any property forfeited herein, and the proceeds from the sale of any forfeited property, after the payment of costs and expenses incurred in connection with the forfeiture, sale, and disposition of the forfeited property shall be deposited forthwith by the United States Marshal into the Department of Justice Asset Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 853.  The Clerk is hereby directed to send copies of this Order to all counsel of record; the defendants; Shelley R. Osborn, c/o Ron Newbury, Attorney at Law, 314 North Last Chance Gulch #307, Helena, Montana 59601; and three certified copies to the United States Marshal.

**ORDERED** this 11th day of April, 2006.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE