IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRACY ELDON LEWIS,<br><br>Defendant. | CR 05–07–H–CCL<br><br><br>ORDER |

Before the Court is Defendant Tracy Lewis's request for sentence reduction pursuant to the "Holloway Doctrine." (ECF No. 144). Defendant also requests that his motion be filed under seal and that counsel be appointed for him. (ECF Nos. 142-143.) The government has filed an opposition brief, and the Defendant has filed a reply brief.

Defendant Lewis pleaded guilty to three counts of methamphetamine

distribution, and on November 17, 2005, he was sentenced to a term of imprisonment of 290 months (the middle of his guideline range) on each count, to be served concurrently. Because Defendant had two prior drug distribution felony convictions and the government had filed a section 851 Information, a mandatory minimum life sentence applied to Defendant's sentencing. However, pursuant to Defendant's plea agreement with the government, the Court departed below the mandatory minimum. Defendant's total offense level was 34, his criminal history category was VI, and his guideline range was 262-327 months imprisonment.

     Defendant filed a section 2255 motion in 2006, alleging, among other things, ineffective assistance of counsel for failure to file a direct appeal as requested. (ECF No. 97.) Upon stipulation of the parties, the Court refiled Defendant's judgment in June 2010 to permit Defendant's to file a direct appeal. (ECF No. 133.) Defendant filed a direct appeal but later voluntarily dismissed the appeal in October 2010. (ECF No. 137.)

     Now Defendant files a "Holloway Doctrine Request," seeking a reduction of eight years to a sentence of time served. (ECF No. 144.) The so-called "Holloway

Doctrine" is not actually a doctrine but a single case and decision of a district court in the Eastern District of New York. *See United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y 2014). The *Holloway* decision is neither binding nor precedental in this case.

Underlying the July 28, 2014, *Holloway* decision, the district judge had sentenced Holloway to 57 years in prison for three carjackings. Holloway's section 2255 motion was denied, and the Second Circuit denied his application to file a successive section 2255 motion. Twenty years into his sentence and ten years after his section 2255 motion had been filed and denied, Holloway filed a Rule 60(b) motion to reopen his section 2255 motion. In response to that filing, the district judge requested that the government consider vacating two counts of conviction, which ultimately the government agreed to do. Holloway was then re-sentenced and released from custody.

In this case, the government objects on both substantive and procedural grounds to Defendant's request for early release, and the government requests that the motion be denied. (ECF No. 146.) In the government's view, the original

sentence was substantively reasonable and no factors support a reduction. The government notes that the Holloway Doctrine is not binding precedent, and the relief sought is without jurisdictional basis. The government suggests that the Defendant apply for commutation relief by submitting a pardon request to the Office of the Pardon Attorney, United States Department of Justice.[1]

The Court concludes that Defendant's request for reduction in sentence is substantively without merit and is a second or successive § 2255 motion. Pursuant to 28 U.S.C. 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." Absent certification, this Court is without jurisdiction to rule on Defendant's request. *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793 (2007). Because Defendant's request is not based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review, the Court finds that Defendant's request is not meritorious and that the certificate of appealability

---

[1] Office of the Pardon Attorney, USDOJ, 145 N Street N.E., Suite 5E.508, Washington, DC 20530; USPardon.Attorney@usdoj.gov.

should be denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant's request for sentence reduction (ECF No. 144) is denied for lack of jurisdiction. A certificate of appealability is denied.

IT IS FURTHER ORDERED that Defendant's request for appointment of counsel and request to seal (ECF Nos. 142-143) are denied.

Dated this 17th day of April, 2018.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE