IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
12/11/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>TRACY ELDON LEWIS,<br><br>Defendant. | CR 05-07-H-CCL<br><br>**ORDER** |

Defendant Tracy Eldon Lewis requests that the Court reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines (Doc. 153) and the First Step Act. (Doc. 155). Defendant also asks the Court to appoint counsel. (Doc. 154). The United States opposes Defendant's "First Step Act Motion" (Doc. 157), but has filed no response to the motion for reduction of sentence under Amendment 782.

**BACKGROUND**

Defendant Lewis appeared before the Court on August 19, 2005, and entered a guilty plea to the first three counts of the indictment, which charged him with conspiracy to distribute, possession with intent to distribute and distribution of at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine.

Defendant appeared for sentencing on November 17, 2005. There were no objections to the Presentence Report, which calculated his offense level at 34, based on his designation as a career offender pursuant to U.S.S.G. § 4B1.1(a). His criminal history category was VI, resulting in a guideline range of 262 to 327 months. Defendant Lewis faced a mandatory life sentence, based on the government's filing of an Information under 21 U.S.C. § 851. The Court departed below the mandatory minimum on the basis of a motion made by the United States and sentenced Defendant to a term of imprisonment of 290 months (the middle of the advisory guideline range) on each count, to be served concurrently.

## DEFENDANT'S CLAIMS

Defendant relies on *United States v. Calton* to argue that he is entitled to a reduction of sentence under Amendment 782 to the United States Sentencing Guidelines. (Doc. 153 at 1). Defendant also argues that he is entitled to a reduction of sentence under the First Step Act because he served less than twelve months on one of his predicate sentences. (Doc. 155 at 1). In his reply to the government's response to his "First Step Act" argument, Defendant acknowledges that the First Step Act cannot be applied retroactively. (Doc. 158 at 1). He nevertheless argues that the Court should order his immediate release because he is not the same man he was when the Court imposed sentence.

## DISCUSSION

Defendant is not entitled to a reduction in sentence based on Amendment 782 because he was sentenced as a career offender. The Ninth Circuit has determined that "retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders." *United States v. Charles*, 749 F.3d 767, 770 (9th Cir. 2014). Defendant's reliance on *United States v. Calton* is misplaced. The defendant in that case was not sentenced as a career offender because her "drug-quantity-based offense level was higher than her career-offender offense level" and Amendment 782 therefore did not apply to her sentence. 900 F.3d 706, 715 (5th Cir. 2018). The instant case is distinguishable from *Calton* because Defendant Lewis's career-offender-offense level was higher than his drug-quantity-based offense level. He was therefore sentenced based on the career-offender offense level and not the drug-quantity-based offense level. Defendant Lewis is not eligible for a reduction in sentence under Amendment 782.

Defendant correctly points out that the First Step Act of 2018 changed the definition of a prior qualifying drug conviction and now requires that a defendant serve at least twelve months for the prior drug conviction. The amendments made by Pub.L. 115-391, § 401 only apply to an offense committed before its December

3

21, 2018, enactment if the sentence for such offense was imposed after December 21, 2018. The provisions of the First Step Act do not apply to Defendant's sentence, which was imposed in 2010.

Defendant's final argument in support of a reduction in sentence appeals to the Court's "power to do what you believe is fair." (Doc. 158 at 1). Defendant may be attempting to raise an argument for modification of his sentence based on "extraordinary and compelling reasons" as permitted by 18 U.S.C. § 3582(c)(1). Prior to December 21, 2018, a court could only modify a sentence under this section in response to a motion made by the director of the Bureau of Prisons. The First Step Act modified 18 U.S.C. § 3582(c)(1) and now allows a defendant to make such a motion, once he has exhausted his administrative remedies. *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wa. Jun. 11, 2019). There is nothing in the record before the Court indicating that Defendant has exhausted his administrative remedies.

## CONCLUSION

Defendant is not entitled to a sentence reduction based on Amendment 782 to the drug guidelines because his offense level was determined based on his career offender status, not on the drug amount. He is not entitled to a reduction in sentence under the First Step Act because Congress did not intend the applicable

provision to be applied retroactively. He cannot seek a sentence modification under 18 U.S.C. § 3582(c)(1) until he has exhausted his administrative remedies. Accordingly,

IT IS HEREBY ORDERED that Defendant's motions to reduce sentence (Docs. 153 and 155) are DENIED.

Defendant having demonstrated his ability to articulate his claims for relief, IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel (Doc. 154) is DENIED.

Dated this 11th day of December, 2019.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE