FILED

3/10/2020

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>TRACY ELDON LEWIS,<br><br>Defendant. | CR 05-07-H-CCL<br><br>**ORDER** |
|---|---|

On March 9, 2020, the Clerk of Court received a hand-written document from Defendant Tracy Eldon Lewis. The document has not been filed in the record because it contains sensitive information.

## BACKGROUND

Defendant Lewis appeared before the Court on August 19, 2005, and entered a guilty plea to conspiracy to distribute, possession with intent to distribute and distribution of at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Defendant appeared for sentencing on November 17, 2005, and the Court departed below the mandatory

minimum and sentenced Defendant to a term of imprisonment of 290 months (the middle of the advisory guideline range) on each count, to be served concurrently, followed by ten years of supervised release. Defendant's appointed counsel failed to file a notice of appeal based on the plea waiver contained in Defendant's plea agreement. After this issue was raised by newly appointed defense counsel, the Court entered an amended judgment, imposing the same sentence. Defendant voluntarily dismissed his appeal in October of 2010.

Defendant has filed two motions for sentence reduction since October of 2010, both denied by the Court. Defendant filed a notice of appeal as to the Court's December 11, 2019, order denying his motion. On January 27, 2020, the Ninth Circuit granted his motion for voluntary dismissal of his latest appeal.

**PRO SE LETTER**

Defendant characterizes his most recent filing as a progress report. He concludes by stating: "I am asking you for a new chance in life, with a little more time to succeed! I would like the 10 years probation kept in effect. I would love to show you that I have changed, that I will succeed and be a productive member of society. When the Lord moves you to do so would you please give me the chance."

/ / /

## DISCUSSION

According to the Bureau of Prisons inmate locator website, Defendant is scheduled for release on February 3, 2026. The date could be moved forward as the Bureau of Prisons is in the process of reviewing and recalculating good time credits, based on the First Step Act. Should that recalculation result in Defendant's release earlier than February 3, 2026, Defendant will be released to serve his 10-year term of supervised release and will have the opportunity to demonstrate that he can be a productive member of society. The Court has no authority or reason at this time to either shorten or extend Defendant's supervised release term.

It appears to the Court that Defendant may be attempting to challenge the calculation of his good time credits. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 205 F.3d 861, 864 (9th Circ. 2000). Arguments relating to the award of good time credit should be raised in a § 2241 petition and filed in the United States District Court for the District in which Defendant is serving his sentence. Before filing such a petition, Defendant must first exhaust his administrative remedies.

3

The Court having determined that Defendant's "progress report" contains information that ought not be made part of the public record, the Clerk is directed to file the hand-written letter under seal. Its disclosure shall be limited to counsel for the United States and Defendant's supervising probation officer, once Defendant is released to supervision.

Dated this 10th day of March, 2020.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE