IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, -vs- TRACY ELDON LEWIS, Defendant. | CR 05-07-H-CCL **ORDER** |

Defendant Tracy Eldon Lewis (Lewis) moves for reduction of sentence under 18 U.S.C. § 3582(c)(1). (Doc. 172). Lewis claims that he has exhausted his administrative remedies and is entitled to release for the following reasons: (1) he has completed 75% of his 290 month sentence; (2) he is a nonviolent drug offender who has remained drug free in prison and is not a danger to society; (3) the current lock-down at FCI Sheridan prevents him from getting the exercise he needs to combat his diabetes and hypertension; and (4) once COVID 19 reaches FCI Sheridan "everyone gets sick and some die." (Doc 176). The United States opposes Lewis's motion and has moved to file its response and an exhibit under seal because they contain Lewis's confidential medical information. (Doc. 174).

## BACKGROUND

### Conviction and Sentence

Lewis appeared before the Court on August 19, 2005, and entered a guilty plea to the first three counts of the indictment, which charged him with conspiracy to distribute, possession with intent to distribute, and distribution of at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Lewis appeared for sentencing on November 17, 2005, along with his three co-defendants. The Court calculated Lewis's total offense level at 34, based on his qualifying as a career offender. Lewis's criminal history category was VI and he faced a statutory minimum lifetime sentence, with a guideline range of 262 to 327 months. (*See* Doc. 116, Sentencing Hearing Tr., at 6, ll 1 - 4). The Court departed below the mandatory minimum and sentenced Lewis to a term of imprisonment of 290 months (the middle of the advisory guideline range) on each count, to be served concurrently, followed by ten years of supervised release. (Doc. 133).

Near the conclusion of the sentencing hearing, Lewis expressed his view that the sentence imposed by the Court was "longer than I'll live, sir." (Doc. 116 at 27, l. 16). The Court explained:

> You know, Mr. Lewis, you started out with a real bonus here because you could have been charged with far more than you were, really. So

you got a terrific reduction in the manner in which you were charged and reported in the presentence report. I think the sentence in your case is fair, obviously, because I imposed it. I wouldn't have imposed it if I didn't think it were fair and reasonable and required under the law. I want to point out the concern that parents and citizens have with this terrible drug methamphetamine. It is a poison. Thousands of our children today are being destroyed by this drug. Each of you is a drug dealer. You participated in it. We live in a democracy. Our representatives in Congress have fashioned guidelines, systems for imposition of serious sentences. It may not seem to be an insidious, serious drug to you or you may not believe we're in a critical drug war, but we are. And these sentences logically follow the law and the crimes for which you've been convicted.

(Doc. 116 at 27, l. 20 through 28, l. 15).

## Current Placement & COVID-19

According to the BOP Inmate Locator, Lewis is currently housed at FCI Sheridan and is scheduled for release on February 3, 2026. As of June 26, 2020, when the government filed its response brief, no inmate at FCI Sheridan had tested positive for COVID-19. (Doc. 173 at 4). "As of July 22, 2020, the Bureau of Prisons ('BOP') housed 1,565 inmates at FCI Sheridan in three separate facilities: (1) the Federal Correctional Institution ('the FCI') (929 inmates); (2) the Federal Detention Center ('the FDC')(205 inmates); and, (3) the Federal Prison Camp (431 inmates.)"[1]

---

[1] This information is drawn from a July 22, 2020, Supplemental Status Report (SSR) filed by the United States Attorney for the District of Oregon in a civil habeas case titled *Sterling v. Salazar*, Case No. 3:20-cv-00712-SI. The information in this report is more timely and more specific to conditions at FCI Sheridan than the information provided in the government's brief.

As of July 22, 2020, the inmate in the FDC who tested positive for COVID-19 on July 2, 2020 (leading to the filing of Sterling's habeas petition) had returned a negative test result and was asymptomatic. (SSR at 2). There was one other positive test result of an inmate in the FDC. *Id.* As of July 22, 2020, there were "no known positive cases" at the FCI, the facility where Lewis is being held.

### Lewis's Health Condition

Lewis is 48 years old and is being treated for diabetes and hypertension. It appears that both conditions are being treated with prescription medication, regular exercise and dieting. (*See* Doc. 175-1 at 1). Lewis has declined additional treatment for a lipid related disorder. *Id.* As of his March 10, 2020 "Comprehensive Clinic encounter" with BOP Health Service, his oxygen saturation level (SaO2) was at 96%. *Id.*

## ANALYSIS

### Exhaustion Issue

Government counsel contacted a BOP attorney "who indicated that BOP does not have a compassionate release request for Lewis in its database." (Doc. 173 at 9). Given the number of such requests likely being submitted by inmates at this time, it seems possible the request submitted by Lewis on May 9, 2020, (*see* Doc. 172-1) was somehow misplaced and therefore not recorded in the BOP

database. Thirty days having passed since the submission of the request, the Court accepts Lewis's claim that he exhausted his administrative remedies for purposes of his current motion.

"The Court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' and that 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Lakey*, No. CR 11-75-GF-BMM, CR 17-04-BU-BMM, 2020 WL 1929027, at *1 (D. Mont. Apr. 21, 2020) *quoting* 18 U.S.C. § 3582. Before ordering a reduction in sentence, the Court must also consider whether a defendant poses a "danger to the safety of any other person or to the community." *Id. quoting* USSG § 1B1.13.

### Compassionate Release Issue

The "extraordinary and compelling reasons" justifying compassionate release under USSG § 1B1.13 include terminal illnesses and medical conditions that substantially diminish "the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13, comment. (n.1(A)). There is no indication in Lewis's recent medical records indicating that he suffers from a terminal illness or that his chronic conditions prevent him from providing self care.

Lewis's chronic health problems, even when combined with the pandemic, do not rise to the level of an extraordinary and compelling reason to grant his request for sentence reduction. This is particularly true in Lewis's case because he is currently housed in a facility that has not been invaded by COVID-19. Indeed, it appears that Warden Salazar is taking appropriate measures to protect all of the inmates in the three facilities comprising FCI Sheridan.

The Court must also consider whether Lewis poses a danger to the community, if released early. As the Court explained in imposing sentence on Lewis, he and his co-defendants were all convicted of dealing methamphetamine, a drug that is destroying thousands of children. His crime harmed the community and the Court is not convinced that he would not return to drug dealing if granted early release.

Even if Lewis was otherwise eligible for compassionate release, the Court would deny his request based on its consideration of the 18 U.S.C. § 3553(a) factors. The Court carefully considered those factors, along with Lewis's cooperation with the government, when it imposed a sentence below the mandatory minimum and the middle of the advisory guideline range. Lewis has done nothing in the intervening years to convince the Court that the sentence imposed was too harsh.

## CONCLUSION

The Court having carefully considered and rejected Defendant's arguments, including those arguments raised in his response brief (Doc. 176) and amendment to his response brief (Doc. 177), IT IS HEREBY ORDERED that Defendant's *pro se* motion for compassionate release (Doc. 172) is DENIED.

IT IS FURTHER ORDERED that the government's unopposed motion for leave to file Lewis's medical records under seal (Doc. 174) is GRANTED.

The Clerk is directed to notify counsel for the United States of entry of this order via the electronic filing system. The Clerk shall notify Defendant of entry of this order via conventional means.

Dated this 4th day of August, 2020.

*/s/ Charles C. Lovell*
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE